# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| **LORNA Y. CHANNER**, | : | CASE NO. 10-21232 (JJT) |
| | : | |
| DEBTOR. | : | RE: ECF NOS. 97, 107 |

## DECISION ON MOTION TO REOPEN

Before the Court is the Debtor's Motion to Reopen Case ("Motion," ECF No. 97), which she filed in order to pursue two other motions: (1) a motion for relief from judgment/order under Rule 9024 (ECF No. 98) and (2) an amended motion to show cause (ECF No. 103). Ultimately, the Debtor seeks for the Court to hold the Pennsylvania Higher Education Assistance Agency a/k/a American Education Services ("PHEAA") in contempt due to its efforts to collect what the Debtor claims are discharged debts. The PHEAA filed an objection to the Motion ("Objection," ECF No. 107). The Court held a hearing on the Motion and the Objection on February 7, 2019 (ECF Nos. 110 and 111). For the reasons below, the Objection is SUSTAINED and the Motion is DENIED.

"A bankruptcy court may reopen a case 'to administer assets, to accord relief to the debtor, or for other cause.' 11 U.S.C. § 350(b). 'Decisions by the bankruptcy court granting or denying a motion to reopen . . . are not disturbed, absent an abuse of discretion. The reason is that such decisions invoke the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case.' *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996) (citation omitted). A bankruptcy court abuses its discretion when it arrives at a decision that (i) rests 'on an error of law (such as application of

the wrong legal principle) or a clearly erroneous factual finding,' or (ii) 'cannot be located within the range of permissible decisions,' even if it is 'not necessarily the product of a legal error or a clearly erroneous factual finding.' *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 678 (2d Cir. 2003) (internal quotation marks omitted)." *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004) (summary order).

In the Motion, the Debtor claims that because she listed her student loans from the PHEAA on Schedule F of her Chapter 7 bankruptcy petition (ECF No. 2) as unsecured and non-priority, and the PHEAA did not challenge the loans' dischargeability, such loans were discharged. Additionally, the Debtor also claims that the PHEAA is not a government agency entitled to protection under 11 U.S.C. § 523(a)(8). Notably, the Debtor has not claimed that the student loan debts impose an undue hardship on her.

The Debtor's claims are meritless. First, Schedule F is the appropriate place to list student loan obligations because they are usually unsecured, non-priority debts. Merely listing student loan debts on a petition does not discharge them, a fact noted on the Debtor's discharge order (ECF No. 64). *See Newman v. Educ. Credit Mgmt. Corp.*, 2009 WL 1875778, at *3–4 (E.D.N.Y. June 26, 2009). The proper avenue for discharging student loan obligations is to commence an adversary proceeding under Fed. R. Bankr. P. 7001. The Debtor has not done so.

Likewise, the Debtor's assertion that the PHEAA is not a governmental agency is erroneous. Section 523(a)(8)(A)(i) of the Bankruptcy Code exempts student loans from discharge that, among other things, are "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit[.]" Under 11 U.S.C. § 101(27), "[t]he term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States

(but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." The PHEAA was established by Pennsylvania statute, 24 Pa. Cons. Stat. § 5101, and has long been recognized by Pennsylvania state courts as a state agency. *See, e.g., Richmond v. Pa. Higher Educ. Assistance Agency*, 297 A.2d 544, 546 (Pa. Commw. Ct. 1972); *see also generally Cherry v. Pa. Higher Educ. Assistance Agency*, 642 A.2d 463 (Pa. 1994) (treating the PHEAA as a state agency). This Court has no power to alter Pennsylvania's definition of what constitutes a Pennsylvania state agency. As such, the PHEAA fits within the definition of "governmental unit" as specified by the Bankruptcy Code and, therefore, would be entitled to the protections of 11 U.S.C. § 523(a)(8).

Having considered the Debtor's reasons for wanting to reopen her bankruptcy case, the Court finds that there is no relief that it can accord her and, otherwise, no cause to reopen the case. The Objection is SUSTAINED and the Motion is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 20th day of February 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut